## CROCKER v. OAKES et al.

### (Circuit Court, S. D. New York. June 9, 1902.)

1. TRUSTS—SUIT TO SET ASIDE TRANSFER OBTAINED BY TRUSTEE—ACCOUNTING.
  A federal court, on setting aside a transfer of a life interest in a fund created by will, obtained by the trustee of the fund by fraud or overreaching, but for which transfer he paid a cash consideration, will not undertake to state the account between the parties, where it appears that it can be better done by the probate court, but will declare the rights of the parties by its decree, and leave the accounting to be taken in the appropriate tribunal.

On Exceptions to Report of a Master Appointed under an Interlocutory Decree.

See (C. C.) 106 Fed. 760.

The complainant was the beneficiary of a testamentary trust of $10,000, of which the defendant Oakes was trustee. On an accounting in the surrogate court it developed that the amount of the trust had been reduced, by payment of debts, etc., to $8,786. After this sum had been placed in the trustee's hands, the defendant Dennis secured from complainant the assignment of her interest for $2,500, on representations, claimed by complainant to be fraudulent, that her interest in the trust estate was less than that amount, that she would not realize anything on it for five or six years,

that she had the lawful right to release it, etc. At the same time complainant and her husband were induced to execute a release to Oakes of all his liability as trustee. The present action was begun in the circuit court for the Southern district of New York, complainant being a resident of New Jersey, for the cancellation of these instruments, to secure an accounting, etc. It was charged in the bill that the defendant Dennis was merely acting as the agent of Oakes in securing the assignment sought to be canceled.

W. T. Read, for complainant.

Mr. Holmes and M. Dennis, Jr., for defendants.

LACOMBE, Circuit Judge. The record submitted upon the hearing is in such shape as to make it well-nigh impossible to form any intelligent opinion as to the various items in dispute, and to demonstrate quite clearly that the proper place for a full accounting is the surrogate's court. The defendant is the trustee of the fund, in which plaintiff has a life interest, and upon canceling the assignments under which he sought to obtain the plaintiff's life interest the corpus of the fund will remain in his hands. From the date of the ineffectual transfer he will be liable to plaintiff for the income, and the amount ($2,500) he paid plaintiff to obtain the transfer will be available as a credit in his accounting with her. Such a disposition of the case will sufficiently protect him. The master's report is not confirmed, and a final decree may be entered in the language of the second paragraph of the interlocutory decree, setting aside the instruments of June 22, 1898, and refusing to take jurisdiction of any accounting between the parties under the will or the trust thereby created, and providing that the $2,500 paid by defendant to plaintiff upon the execution of such instruments shall stand as a credit to defendant upon the adjustment of such accounts between them in a proper tribunal.